## *The Trustees of* WARREN ACADEMY *vs.* AARON STARRETT, *Administrator.*

Where the maker of a witnessed promissory note, payable in 1811, to the treasurer of a corporation or his successor in office, afterwards in 1828, added at the bottom of the note the words, "*I hereby renew the above promise,*" and subscribed his name thereto, and it was attested by a subscribing witness; in an action brought in 1836, upon the note and new promise, in the name of the corporation, *it was held:*

1. That the action was rightly brought in the name of the corporation.

2. That proof of the *new promise* by the subscribing witness thereto, was suficient to authorize reading the *note* to the jury.

3. That the action was not barred by the statute of limitations.

4. That the note was a sufficient consideration to support the new promise.

5. That parol evidence that the note was made to show an apparent amount of funds, to enable the corporation to obtain a grant from the State, and that it was agreed at the time, that it should be given up after payment of interest for a few years, was inadmissible.

6. And that parol evidence that the new promise was made on a condition which had not been complied with, was inadmissible.

EXCEPTIONS from the Court of Common Pleas, SMITH J. presiding.

The writ, dated *April* 11, 1836, contained a count on the note of which a copy follows, signed by the intestate, with the money counts. " *Warren, May* 17, 1808. For value received, I promise to pay the treasurer of the *Warren Academy*, or his successor in office, or order, for the use of said *Academy*, one hundred dollars, on or before *February* 22, 1811, with interest annually.

" *William Starrett.*

" *Test. Jos. A. Head.*

*August* 23, 1828.

" I hereby renew the above promise. *William Starrett.*"

" *Test. Daniel Newcomb.*"

There were on the note nine indorsements of interest, the last in 1824. With the general issue, was pleaded by brief statement, the general statute of limitations. When the note was offered in evidence, the signature was denied, but on proof of the renewal, the whole was admitted. The defendant objected to its introduction, because it was made payable to the treasurer, and the action

was brought in the name of the corporation. The Judge overruled the objection. The defendant contended, that the note, and also the renewal, was barred by the statute of limitations. The Judge ruled, that the renewal might be regarded as an independent note ; and being witnessed, that it was within the exception of the statute. The defendant then offered to prove by oral testimony, that at the time when the note was given, it was obtained to enable the trustees to have an apparent amount of funds in order to obtain a grant from the legislature of *Massachusetts*, and that it was then promised and agreed, that the note should be given up after a few years interest had been paid. The Judge ruled, that such evidence would contradict the note, and could not be received ; and that the note was a good consideration for the renewal. The defendant then offered to prove by parol, that the renewal of the note by the intestate was made upon a condition which was not complied with. This objection too was overruled. The defendant filed exceptions.

*J. S. Abbott*, for the defendant,

1. The note ought not to have been read without proof by the subscribing witness. *Homer* v. *Wallis*, 11 *Mass. R.* 309. 2. The action should have been brought in the name of the treasurer, or his successor. *Fisher* v. *Ellis*, 3 *Pick.* 323 ; *Phil. Lim. Academy* v. *Davis*, 11 *Mass. R.* 113 ; *Essex Turn. Cor.* v. *Collins*, 8 *Mass. R.* 298. 3. The defendant should have been permitted to prove the circumstances under which the note was given. *Folsom* v. *Murray*, 8 *Greenl.* 400 ; 11 *Mass. R.* 113, before cited ; *Boutelle* v. *Cowdin*, 9 *Mass. R.* 254 ; *Boynton* v. *Hubbard*, 7 *Mass. R.* 118. 4. He should have been permitted to prove that the renewal was made under conditions which had not been complied with. *Porter* v. *Hill*, 4 *Greenl*, 41 ; *Deshon* v. *Eaton*, *ib.* 413. It was a mere admission relied on to take the case out of the statute, and the whole was proper to be shown. 5. The renewal was incorrectly ruled to be an independent note, and within the exception of the statute. *Stat.* 1821, *c.* 62, § 10 ; *Gilman* v. *Wells*, 7 *Greenl.* 25 ; *Russell* v. *Swan*, 16 *Mass. R.* 314.

*M. H. Smith*, for the plaintiffs. A moral obligation is sufficient to support an express promise. *Andover, &c. T. Corp.* v. *Gould*,

*6 Mass. R.* 40.    The action is rightly brought in the name of the corporation, on a note given to their treasurer.   *Amherst Academy* v. *Cowls,* 6 *Pick.* 427 ; *Levant* v. *Parks,* 1 *Fairf.* 441.    Whether there was fraud, or want of consideration, is not before the Court on these exceptions ; but merely whether the parol testimony was admissible to vary the written instruments.    This was manifestly right.    The note was a sufficient consideration for the renewal.  Renewing the promise is equivalent to renewing the note.    And this takes the case out of the statute of limitations.    *Murray* v. *Hatch,* 6 *Mass. R.* 465 ; *Hunt* v. *Adams, ib.* 519 ; *Hunt* v. *Adams,* 7 *ib.* 518 ; *Richards* v. *Killam,* 10 *ib.* 239 ; *Stackpole* v. *Arnold,* 11 *ib.* 27 ; *Rice* v. *West,* 2 *Fairf.* 323 ; *Pembroke* v. *Stetson,* 5 *Pick.* 506 ; 6 *Pick.* 427, before cited.

The case was continued several terms for advisement, and the opinion was drawn up by

EMERY J. — The renewal of the note being proved, it is deemed by the Court sufficient to allow the whole to go to the jury.    This subsequent act of recognition necessarily ratifies and confirms the original promise.    And this renewal being witnessed, the whole is taken out of the statute of limitations.

The suit is properly in the name of the Trustees.

The defendant offered to prove by oral testimony, that at the time when the note was given, it was obtained for the purpose of enabling the Trustees to have an apparent amount of funds in order to obtain a grant from the legislature of *Massachusetts,* and that it was then promised and agreed, that the note should be given up after a few years interest should be paid, which in fact was paid. To say nothing of the disingenuousness of this arrangement, as it regards the legislature, and the important interests of education, we think the Judge decided rightly in rejecting the evidence, because it would contradict the note.    And we coincide in his opinion that the note was a good consideration for the renewal of the note absolutely, and without condition.

In a review of the cases by *Parker C. J.* in *The Trustees of Amherst Academy* v. *Cowls,* 6 *Pick.* 438, he observes, that promises of this nature, if inefficient at first for want of a payee, or because, at the time, there was no actual consideration, but one in

contemplation only, it is a legal basis for a subsequent promise. And that the execution of, or beginning to execute the trust, for which the fund is raised, forms a sufficient consideration for such subsequent promise. As to the pretence of paying the interest for a few years, as a satisfaction of the note, it would seem that even if it be considered in the light of an accord and satisfaction, it would not be available. For if the accord or agreement that satisfaction should be rendered by the defendant, or a third person, at a future day, be not founded on a new consideration, and be not so far *binding* on the debtor as to afford *a fresh right* of action to the creditor for its non-performance, an action lies on the original demand even before the time prescribed for rendering satisfaction.

The defendant offered to prove by oral testimony that the renewal, dated *August* 23, 1828, was made by said *William Starret* upon condition, which was not complied with. But the Judge ruled that the renewal appearing to be absolute and unconditional could not thus be proved to be conditional.

Much speculation has arisen heretofore, on the subject of what admission is sufficient to take a debt out of the statute of limitation. And it has been held that it should be of such a nature that a promise can be implied from it. But in this case, the Court are not left to be seeking for grounds on which to make such implication. The defendant, under the original note, declared in writing by him signed, " I hereby renew the above promise." Now to suffer the introduction of parol testimony to alter, qualify, contradict, or restrain this, we think would be to conflict with the rule of law, long settled, in regard to promissory notes. According to the agreement of the parties, the default is to stand ; and judgment must be rendered for the plaintiff for damages and costs.